UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
RALPH BAKER,

                   Plaintiff,

-against-

THE SUPREME COURT FOR THE STATE
OF NEW YORK, KINGS COUNTY, JSQ
WALSH; HON. SHILLINGFORD; HON
CYRULNIK; HON. FOLEY; HON. MURPHY;
HON. MONDO,[1]

                   Defendants.
---------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 4570 (BMC)
4750

**COGAN**, District Judge.

     Plaintiff Ralph Baker, currently incarcerated at the North Infirmary Command at Rikers Island, proceeding *pro se*, brings this action seeking declaratory and injunctive relief against the Supreme Court of the State of New York and several state court judges.[2] In addition to the complaint, plaintiff submits an Order to Show Cause seeking a Preliminary Injunction challenging his incarceration "through excessive bail," an affidavit in support thereof, and a letter requesting eight subpoenas. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the action is dismissed.

---

[1] Plaintiff submits two different first pages of his complaint. The Court has amended the caption to reflect defendants named in both documents.

[2] Plaintiff is a frequent *pro se* litigant in this Court. See Baker v. New York State Executives, No. 12 Civ. 1090 (E.D.N.Y. June 20, 2012); Baker v. Lawrence Novelty Co., Inc., No. 11 Civ. 2806 (E.D.N.Y. Aug. 12, 2011); Baker v. Pataki et al., No. 06 civ. 06138 (E.D.N.Y Feb. 20, 2007). He is also a frequent litigant in New York state courts. In his complaint, plaintiff refers to twelve civil actions in New York Supreme Court, five of which are pending, and three criminal actions, all of which are pending

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under §1915A for prisoners).

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

## BACKGROUND

In his most recent action before this Court, Baker v. New York State Executives, No. 12 Civ. 1090, plaintiff brought a claim for damages against state courts and agencies which the Court liberally construed as a claim under 42 U.S.C. § 1983 alleging a deprivation of due process in his state court criminal case. Plaintiff alleged, among other things, that in his pending criminal case, there were no grounds to order his mental health examination under New York Criminal Procedure Law § 730 or for holding him in a mental facility and that his trial counsel was ineffective. That action was dismissed by this Court by Order dated June 20, 2011 on the basis of immunity and for failure to state a claim on which relief may be granted. Now, plaintiff comes back to the Court, seeking injunctive and declaratory relief, again challenging the state criminal court's ordering of a psychiatric evaluation and adding a challenge to the denial of bail and "bullpen therapy."[3]

---

[3] Plaintiff defines "bullpen therapy" as "extraneous and unproductive trips to the Court without being produced before the bench."

2

In the instant complaint and its attachments, plaintiff alleges that he was ordered to submit to a mental health examination under New York Criminal Procedure Law § 730. Upon a finding that he was not competent to stand trial, he was committed, on November 11, 2011, to the custody of the Office of Mental Health for one year or until such time as he was fit to stand trial. Nine months later, plaintiff was found competent to stand trial. On April 3, 2012, plaintiff was released on his own recognizance, subject to certain orders of protection that required him to stay away from a building that was related to his indictment for grand larceny involving false instruments. Plaintiff violated the orders of protection and was remanded. Plaintiff alleges that his July 12, 2012 request for bail was denied, and that he has been twice brought to court by the facility but does not appear before a judge.

Plaintiff seeks the following remedies: (1) a declaration that his imprisonment and denial of bail and "cash bail alternatives for New York state residents" are unconstitutional; (2) release from incarceration; (3) an injunction against "bullpen therapy;" (4) an injunction against further psychiatric examinations; (5) expungement of his mental health records; (6) dismissal of the indictment, reinstatement of release on his own recognizance, or release him from imprisonment.

## DISCUSSION

In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971), the Supreme Court held that federal courts must abstain from enjoining ongoing state court criminal proceedings absent specific, narrowly defined circumstances. In a companion case to Younger, the Supreme Court extended this abstention principle to declaratory relief. See Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764 (1971).

Under <u>Younger</u>, a federal court should abstain from exercising jurisdiction where three conditions are met: (1) there is an ongoing state criminal proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords an adequate opportunity for judicial review of the federal constitutional claims." <u>Id.</u> The doctrine recognizes that "[a] federal lawsuit to stop a prosecution in a state court is a serious matter," and cautions that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." <u>Schlagler v. Phillips</u>, 166 F.3d 439 (2d Cir. 1999) (quoting <u>Younger</u>, 401 U.S. at 42, 91 S.Ct. at 749). Furthermore, the doctrine is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims. <u>Schlagler</u>, 166 F.3d at 442 (citing <u>Cullen v. Fliegner</u>, 18 F.3d 96 (2d Cir. 1994). Therefore, federal courts may not invoke the <u>Younger</u> abstention rule "in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." <u>Pathways, Inc. v. Dunne</u>, 329 F.3d 108, 113-14 (2d Cir. 2003) (quoting <u>Kirschner v. Klemons</u>, 225 F.3d 227, 233 (2d Cir.2000)).

All three of the <u>Younger</u> factors are present here. First, there is a pending state proceeding – the criminal proceeding in the Supreme Court of the State of New York, County of Kings. Second, the underlying proceeding implicates an important state interest, namely, the prosecution of a crime. Third, the state court affords plaintiff an adequate opportunity for judicial review of his federal constitutional claims challenging the state court's ordering of a psychiatric evaluations and the denial of bail and "bullpen therapy."

A pending state prosecution ordinarily provides the accused" a fair and sufficient opportunity for vindication of federal constitutional rights." <u>Kugler v. Helfant</u>, 421 U.S. 117,

4

124, 95 S.Ct. 1524, 1531 (1975). As the Court concluded in plaintiff's prior action challenging the same ongoing criminal action,[4] upon review of the state court proceedings, I did not find any colorable deprivation of process. Moreover, the Court already addressed much of plaintiff's present demands for relief in the prior action.[5] Because plaintiff has not demonstrated any circumstances in the pending criminal case suggesting bad faith, harassment or irreparable injury that is both serious and immediate, the Court must abstain from interfering with the state's prosecution.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b).

Plaintiff's Order to Show Cause seeking reinstatement of bail or release on his own recognizance is denied as is his request for subpoenas. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal should he choose to seek such status. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
October 2, 2012

---

[4] The Court did not abstain in plaintiff's prior action challenging the same ongoing state criminal action because in that action, he sought damages. The Second Circuit has held that "abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief, but that a stay of the action pending resolution of the state proceeding may be appropriate." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). However, the Court granted defendants' motion to dismiss in that case.

[5] For example, the Court instructed plaintiff in its June 20, 2012 Decision that requests for release from custody must be brought under the narrow remedy available in federal habeas corpus, not through a damage action. Now, in this action for injunctive and declaratory relief, plaintiff seeks a declaration that his imprisonment is unconstitutional.